**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LA TONYA RENA FINLEY,

             Plaintiff-Appellant,

  v.

TRANSUNION; et al.,

             Defendants-Appellees,

No. 20-15316

D.C. No. 4:17-cv-07165-HSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted December 2, 2020[**]

Before:    WALLACE, SILVERMAN, and CLIFTON, Circuit Judges.

La Tonya Rena Finley appeals pro se from the district court's order

dismissing her Fair Credit Reporting Act ("FCRA") action. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of

Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly dismissed Finley's action because Finley failed to allege facts sufficient to state a plausible claim. *See* 15 U.S.C. §§ 1681s–2(a)(3), 1681s–2(b), 1681e(b), 1681i(a)(1)(A); *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (setting forth requirements for reinvestigation); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (statutory duty to investigate disputes and furnish accurate information to credit reporting agencies arises only after a data furnisher receives a notice of dispute from a credit reporting agency, not a consumer); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' requests that the appeal be dismissed under Ninth Circuit Rule 42-1, set forth in their answering briefs, are denied.

**AFFIRMED.**